# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
RISCH, TOZZI, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DURELL J. STEWART**
**United States Army, Appellant**

ARMY 20160128

Headquarters, 7th Infantry Division
Kenneth W. Shahan, Military Judge
Colonel Robert F. Resnick, Staff Judge Advocate (pretrial)
Major Christopher T. Franca, Acting Staff Judge Advocate (post-trial)

For Appellant:  Captain Joshua B. Fix, JA (argued); Lieutenant Colonel Christopher D. Carrier, JA; Major Andres Vazquez, Jr., JA; Captain Joshua B. Fix, JA (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Captain Katherine L. DePaul, JA; Captain Joshua B. Fix, JA (on reply brief); Lieutenant Colonel Melissa R. Covolesky; JA; Captain Michael A. Gold, JA.

For Appellee:  Captain Jennifer A. Donahue, JA (argued); Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Major Melissa Dasgupta Smith, JA; Captain Jennifer A. Donahue, JA (on brief).


25 April 2017

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

RISCH, Chief Judge:

We hold that the military judge did not err by denying appellant's motion to compel production of an expert assistant.

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of making a false official statement, two specifications of larceny, and one specification of forgery, in violation of Articles 107, 121, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 921, 923 (2012) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for fifteen months, and reduction to the grade of E-1.

We have reviewed this case pursuant to Article 66, UCMJ.[*] Appellant asserts one assignment of error, which merits discussion but no relief. Appellant argues the military judge abused his discretion by denying appellant's motion compelling production of an expert assistant to help the defense team prepare for appellant's court-martial. We find the military judge did not abuse his discretion. Assuming, *arguendo,* the military judge did err, his decision did not materially prejudice appellant's substantial rights. We have also considered the matters personally submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); they lack merit.

## BACKGROUND

On 25 March 2015, Mr. BS saw a vehicle listed on Craigslist.com for sale. Mr. BS called the person listed on the advertisement and met with him in person twice before purchasing the vehicle. Mr. SG, Mr. BS's father, accompanied him in the vehicle to one of the meetings. In total, Mr. BS saw appellant, in person, three times. The vehicle was later found to be property belonging to Sergeant (SGT) MM, appellant's roommate, who was away on temporary duty.

On 31 March 2015, appellant's commander and another soldier sent Mr. BS a photo of appellant and asked if the photo was of the person who had sold him the vehicle. Mr. BS indicated that it was. On 8 April 2015, Mr. BS and Mr. SG selected another photograph of appellant from a photo-array prepared by military police investigators.

On 27 October 2015, after referral of charges (dated 8 June 2015), appellant requested the convening authority appoint an expert assistant in the field of eyewitness identification–to include cross-racial identification. The defense proffered the expert assistance was necessary because of the importance of the reliability of the victim's identifications, the fact that "the accused and alleged victims were strangers who had only met on two [sic] isolated occasions," and cross-racial identification "is more difficult than a same-race identification." The defense stated the expert would "explain to us how reliable the victim's identifications of SPC Stewart were, what factors or issues could have influenced the identification, and possibly testify about that reliability at trial." Defense counsel asserted that they could not do this alone because they "do not understand the science of eyewitness identifications" and are "not able to testify."

---

[*] Oral argument in this case was heard in Columbia, South Carolina on 25 January 2017 at University of South Carolina School of Law as part of the Outreach Program of the United States Army Court of Criminal Appeals.

On 2 November 2015, the convening authority denied the request, and on 10 November 2015, appellant filed a motion for the military judge to compel the appointment. On 8 December 2015, the day prior to trial, the military judge denied the request, making the following ruling:

> The photographic lineup will not be admitted into evidence by the Government. In that lineup, two individuals identified the accused three separate times each from eight photographs. The alleged victim in the case had between 40-90 minutes of face to face interaction with the seller of the vehicle prior to receiving a text message photograph of the accused, and prior to the photographic lineup. The alleged victim's father also had face to face interaction with the seller of the vehicle, though to a lesser extent than did the alleged victim. Prior to identifying the accused in a photographic lineup, the alleged victim had received a photo of the accused in a text message from a third party, asking the alleged victim if the individual in the photo was the seller of the vehicle. The alleged victim replied that the person in the photo (the accused) was the seller of the vehicle. (App. Ex. VI).

> The Court finds the Defense did not establish:

> 1) Why the expert assistance is needed. The photographic lineup will not be admitted into evidence. The defense theory that the text message photo tainted the photo lineup and that the photo lineup (and perhaps the text message photo) will taint the in-court identification of the accused is mere speculation. The Defense's desire to explore all possibilities in this case does not establish a reasonable probability that the requested expert would be of assistance to the Defense.

> 2) What the expert assistance would accomplish. For the same reasons explained above, there is no showing of what the expert assistance might accomplish for the Defense.

> 3) Why the defense is unable to gather and present the evidence that the expert assistant would be able to develop. This field is not overly complicated or scientific. Indeed, from the Defense pleadings it is clear that the Defense already has some knowledge of how photographic lineups should be conducted, as well as some familiarity with the issues of reliable or unreliable identifications. The Defense already appears to have sufficient familiarity

> with these areas to conduct an effective cross-examination of all witnesses relevant to the identifications of the accused, whether out of court or in court.

The military judge denied the defense's motion to compel expert assistance. At trial, Mr. BS and Mr. SG identified appellant as the person who met with them and sold the stolen vehicle. Appellant now asserts that the military judge erred.

## LAW AND ANALYSIS

A military judge's decision to deny defense's motion to compel expert assistance is reviewed for an abuse of discretion. *United States v. Lee*, 64 M.J. 213, 217 (C.A.A.F. 2006). We find no abuse of discretion by the military judge.

Employment of experts to assist the defense at government expense is authorized under Rule for Courts-Martial [hereinafter R.C.M.] 703(d) if the expert is "relevant and necessary." An accused is entitled to an expert's assistance "before trial to aid in the preparation of his defense upon a demonstration of necessity." *Id.* (quoting *United States v. Bresnahan*, 62 M.J. 137, 143 (C.A.A.F. 2005)) (additional citation omitted).

In requesting expert assistance, the accused has the burden to show both that "(1) an expert would be of assistance to the defense and (2) that denial of expert assistance would result in a fundamentally unfair trial." *United States v. Freeman*, 65 M.J. 451, 458 (C.A.A.F. 2008); *United States v. Gonzalez*, 39 M.J. 459, 461 (C.M.A. 1994). The defense has the burden to show there is more than the "mere possibility of assistance from a requested expert." *Bresnahan*, 62 M.J. at 143 (internal citation and quotation marks omitted). The defense must show a "reasonable probability" the expert would assist the defense and that denial of the expert would result in an unfair trial. *Id.*

### A. *How an Expert Would Assist the Defense*

Appellant's burden to show an expert would be of assistance to the defense involves three prongs: "(1) why the expert assistance is needed; (2) what the expert assistance would accomplish for the accused; and (3) why the defense counsel were unable to gather and present the evidence that the expert assistance would be able to develop." *Id.* (internal citations omitted). The military judge found appellant did not prevail on any of these three prongs.

Appellant argues that this case presents an unusual fact pattern that tainted the in-court identification of the appellant—the government's main witnesses were sent a digital photograph of appellant under suggestive circumstances, and were later asked to pick a photograph out of a photo array constructed by military police. We find appellant's argument unpersuasive for the reasons that follow.

4

### *1. Why the Expert Assistance was Needed*

The military judge conducted the proper inquiry. The defense counsel failed to establish why the expert assistance was needed given that the photographic lineup was not admitted into evidence. The military judge did not abuse his discretion in finding the defense theory--that the text message photo tainted the photo lineup and in-court identification of the accused--was mere speculation. The defense proffered no theory that was persuasive enough to conclude the military judge abused his discretion.

### *2. What the Expert Assistance Would have Accomplished*

The defense also could not show what an expert would accomplish. This was not a case in which eyewitnesses only had a split second, under duress, to observe an assailant or where a witness's view was partially obscured thus calling identification into question and requiring expert assistance. *People v. McDonald,* 37 Cal. 3d 351 (Cal. 1984). Quite the opposite occurred here. Two witnesses, under no apparent stress, spent significant time with appellant on three separate occasions. They were then able to identify appellant. Even assuming the pre-trial identification of appellant was suggestive, we must determine whether under the "totality of the circumstances" the identification was reliable. *Neil v. Biggers*, 409 U.S. 188, 199 (1972). *Biggers* sets out five factors to consider in determining the validity of an eyewitness identification. The factors include: the "the opportunity of the witness to view the criminal at the time of the crime; the witnesses' degree of attention; the accuracy of the witness' prior description of the criminal; the level of certainty demonstrated by the witness at the confrontation; and the length of time between the crime and the confrontation." *Id*. at 199-200.

Here, Mr. BS and Mr. SG had more than ample opportunity to view appellant at the time of the crime. They had between forty and ninety minutes of interaction with the appellant, including face-to-face discussions in broad daylight. There was no duress or stress involved with the eyewitness interactions with appellant. The witnesses were paying attention to appellant as they were considering purchasing a vehicle from him. Both Mr. BS and Mr. SG identified appellant at trial without hesitation. Finally, the length of time between the eyewitness interactions with appellant and their confrontation at trial was not inordinate, as it was less than nine months from the first interaction to the date of trial.

Under the totality of the circumstances the *Biggers* factors weigh in favor of the government. The defense did not establish how an expert would assist in assessing the reliability of the witnesses in this case. Additionally, given that this was a judge alone trial, there is limited concern that the military judge gave the in-court identification undue weight.

*3. Why Defense Counsel were Unable to Gather and Present the Evidence that the Expert Assistance Would have been able to Develop*

Defense counsel did not establish why they were unable to gather and present the evidence that the expert assistance would be able to develop. *Lee*, 64 M.J. at 217. Defense counsel are "expected to educate themselves to attain competence in defending an issue presented in a particular case, using a number of primary and secondary materials that are readily available." *United States v. Short*, 50 M.J. 370, 373 (C.A.A.F. 1999) (internal quotation marks and citation omitted). "Due process requires that the accused be given the 'basic tools' necessary to present a defense, but defense counsel is responsible for doing his or her homework." *Id*. Here, appellant was given the basic tools. The military judge did not abuse his discretion by finding that defense counsel appeared to have the requisite knowledge necessary to address the pitfalls of eyewitness identification. In fact, from defense's motion to compel, it appeared that counsel clearly understood the weaknesses of identification, and had the requisite knowledge to prepare a defense strategy.

*B. How an Expert's Denial Would Result in a Fundamentally Unfair Trial*

We hold that the military judge did not abuse his discretion in ruling that appellant failed to make an adequate showing of the necessity for the expert assistant. Assuming, *arguendo,* there was an abuse of discretion by the military judge we find appellant was not prejudiced by the military judge's ruling and that appellant received a fundamentally fair trial. Other evidence corroborated the eyewitness identifications and proved appellant's guilt beyond a reasonable doubt. Appellant had access to the barracks room he shared with the owner of the vehicle and, thus, the car keys. Even more telling, the phone number from the Craigslist.com website, initially used by the victim, Mr. BS, to inquire about the purchase of the vehicle, belonged to the appellant's fiancée. Contrary to assertions by appellant, the identification is not the only key and material fact in this case.

## CONCLUSION

The military judge did not abuse his discretion in denying appellant's motion to compel production of an expert assistant. The findings and sentence as adjudged by the convening authority are AFFIRMED.

Senior Judge TOZZI and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court